1. APPEAL AND ERROR (§ 1111*)—ANSWER TO PETITION IN ERROR—DETERMINATION.

Where defendant in error files an answer or reply to a petition for a writ of error, the Supreme Court may finally pass upon the matter, if in its judgment it seems best.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1111.*]

2. JUDGMENT (§ 229*)—CONDITIONAL JUDGMENT.

Where a judgment awarded defendant a certain sum as an attorney's fee in case no appeal was taken, and a larger fee if an appeal was taken, the judgment was valid only as to the smaller sum, as a judgment must be unconditional.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 229.*]

3. COSTS (§ 234*)—ON APPEAL—ASSIGNMENT OF ERROR.

Where the error in a judgment awarding defendant an attorney's fee was not assigned as error in the Court of Civil Appeals, but was treated as fundamental error, and the judgment was valid in part, the costs of that appeal will be taxed against the appellant.

[Ed. Note.—For other cases, see Costs, Dec. Dig. § 234.*]

Error to Court of Civil Appeals of Third Supreme Judicial District.

Action by J. B. Cooksey against J. G. Jordan and others. From the judgment, plaintiff appealed to the Court of Civil Appeals, which affirmed the judgment (140 S. W. 1175), and plaintiff brings error. Reversed, and judgment rendered.

R. S. Neblett and R. R. Owen, for plaintiff in error. Treadwell & Tarver, for defendants in error.

RAMSEY, J. A writ of error was prosecuted to this court from the judgment of the Court of Civil Appeals for the Third Supreme Judicial District. The opinion of that court, which will be found reported in 140 S. W. 1175, in our judgment correctly decides and disposes of the case except in the respect hereinafter noted.

[1] The judgment of the trial court decreed in favor of Huggins and against plaintiff in error a recovery of the sum of $150 as a reasonable fee for his attorney in the suit in the event the case was not appealed, and provided for the sum of $250 "in the event of an appeal." The judgment of the trial court recites that same is "alternative, final, and not conditional," and, further, that "the clerk of this court is directed, on the request of the said Huggins, to issue execution on this judgment for one hundred and fifty ($150.00) dollars, interest, and costs; if appeal is perfected on this judgment within the manner and time prescribed by law, then said writ of execution shall be for the sum of two hundred and fifty dollars, interest, and costs." It is urged in the application submit-

ted to us that this judgment is void, and is fundamentally wrong, in that it imposes a penalty on Cooksey for appealing. The appellee has filed an answer or reply to the petition for writ of error, and we are therefore authorized, under the act of the last Legislature, to finally pass on the matter, if in our judgment it seems best so to do. We think, on full reflection, that the interests of both parties would be subserved by a judgment finally concluding and ending the litigation.

[2] That there can be but one final judgment in any case is elementary. That such judgment may contain provisions for its execution or satisfaction is not to be doubted or denied. The judgment rendered in this case, however, does not fall within this rule. Here there is in effect a judgment, unconditional and in no manner contingent, for $150, and containing, in substance, a provision that, in the event an appeal was prosecuted, Huggins should recover the additional sum of $100. This provision of the judgment was and is unauthorized in the manner attempted to be rendered. It does not, however, in our opinion, render invalid so much of the judgment as the court had authority, on the hearing of the case, to render.

[3] This matter was not assigned as error in the Court of Civil Appeals, but was presented as a fundamental error. We think, therefore, that the appellant, Cooksey, should pay the costs incurred in that court, as well as in the district court.

It is therefore ordered, adjudged, and decreed that the judgment of the Court of Civil Appeals be and the same is hereby reversed, and judgment is here rendered that W. M. Huggins do have and recover of and from J. B. Cooksey and his sureties, Jas. Garrety and M. Sowell, for the sum of $150, with 6 per cent. interest per annum from April 1, 1910, together with all costs expended in the district court and in that court, and that plaintiff in error, J. B. Cooksey, recover from said W. M. Huggins all costs incurred in this court.

WRIGHT v. GALE.

(Supreme Court of Texas. Jan. 31, 1912.)

PUBLIC LANDS (§ 175*)—SCHOOL LANDS—RESURVEY—EXCESS—SEGREGATION.

Where the Land Commissioner, upon discovering an excess of school land in a section or survey sold to a bona fide purchaser, wishes to segregate the excess, he must commence the resurvey at the beginning corner of the original survey or section, and run the new lines coextensive with the survey or section as made on the ground, leaving the excess as well as the quantum of acreage sold to the purchaser in two distinct bodies as near a square in form as may be practicable.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 555–570; Dec. Dig. § 175.*]

On motion for rehearing. Original opinion amended, and judgment affirmed.

For former opinion, see 140 S. W. 91. See, also, 136 S. W. 1163.

DIBRELL, J. It is suggested by counsel for plaintiff in error upon motion for rehearing that some inconvenience and injustice might arise in the segregation of any excess of land found to exist in any particular survey or section, by establishing the rule that in making such segregation it should be done by commencing at the beginning corner of such original survey or section, and leave the survey or section in a body and as near a square as may be practicable, and after giving the purchaser his quantum of acreage to lop off the excess; that by following such rule of lopping off the excess, it is possible to leave the excess in such shape as to be of little or no value, where the lines of the survey or section are of greater length than 1,900 varas. We do not think the method of segregation suggested in our opinion is susceptible of such construction, as a reasonable interpretation of our meaning would require the Commissioner to commence at the beginning corner of such original survey or section, and run the line the full length of the survey or section as made and marked upon the ground, and leave the excess as well as the quantum of acreage sold originally in a body and as near a square form as practicable. That no misunderstanding may arise to our meaning in laying down this rule in our original opinion, we amend that rule there laid down for segregating the excess of land found to exist in any survey or section, when it becomes necessary to make such segregation, by adding thereto that the lines shall be run coextensive with the survey or section as made on the ground, and the excess as well as the quantum of acreage sold the original purchaser shall be left in a body and as near a square form as practicable.

With this modification of our original opinion, the motion for rehearing is overruled.